HARRISON S. WALKER *vs.* JOHN W. FLETCHER.

Franklin.    Opinion September 22, 1882.

*Amendment.*

In an action for damages for negligently burning "ash lumber," an amendment to the declaration was allowed substituting "birch" for "ash." *Held,* that the amendment was properly allowed.

ON EXCEPTIONS.

An action of the case to recover damages for negligently burning plaintiff's property.

The opinion states the case.

*S. Clifford Belcher,* for the plaintiff.

*H. L. Whitcomb,* for the defendant, contended that the amendment introduced a new cause of action.

It is true that trees are all different varieties of the vegetable kingdom. So are all our domestic animals different varieties of the animal kingdom. But when the defendant is sued for an injury to a horse an amendment could not be allowed showing an injury to a cow. There are different varieties of ash and of birch, but ash and birch are of different species. An amendment may be allowable changing from one variety to another, but not from one species to another. Thus an amendment substituting brown ash for white ash may be allowable, but not to substitute birch. Just as you may amend by substituting a Jersey or Hereford for a Durham cow, but not by substituting a horse. Counsel cited: *Robinson* v. *Miller,* 37 Maine, 312; *Wyman* v. *Kilgore,* 47 Maine, 184; *Gordan* v. *Merry,* 65 Maine, 168; *Wendall* v. *Greaton,* 63 Maine, 267; *Webb* v. *Goddard,* 46 Maine, 505.

DANFORTH, J. The declaration originally set out a claim for damages for negligently burning "ash lumber." At the trial an amendment was allowed by substituting "birch" in the place of

"ash". To this objection is made on the ground that it substitutes a new cause of action. The charge in either case is for burning lumber, and whether ash or birch, is mere matter of description. The subject matter remains the same. The lumber is lumber still, and in this case the same that was destroyed. The horse is not turned to a cow as contended in the argument, but only from a black horse to a white one. The change in principle is the same as that involved in the allowance of an amendment changing the description of a contract, or a judgment declared upon, which is clearly allowable. *Cummings* v. *B. B. R. R.* 35 Maine, 478; *Prescott* v. *Prescott*, 65 Maine, 478. In *Wilson* v. *Widenham*, 51 Maine, 566, an amendment was allowed substituting a breach of one covenant for that of another and different one in the same deed. The amendment was therefore discretionary with the presiding justice.

It is further objected that the action is local and should have been brought in the county of Oxford, and a motion was made to have it dismissed for that reason. It is true as alleged in the motion, that the fire was set and the property burned was in the county of Oxford; but it is not true that the property burned was real estate, or that the passing of the fire upon the plaintiff's land is the gist of the action. Were this so, the action might have been local. But this is a question which the facts do not require us to decide. The property burned was personal and the injury to that the sole cause of action. The land described is only to show where the lumber was situated and that it was rightfully there. The lumber had not only been severed from the land, but so far as appears had been cut up into logs and hauled from other places, merely to be piled up, kept and seasoned for use. Under these circumstances an action of trespass or trover for its conversion would not only have been personal but transitory and so must be an action on the case for its destruction. *Whidden* v. *Seelye*, 40 Maine, 247; *Darling* v. *Dodge*, 36 Maine, 370.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.